*E-FILED - 9/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO S. ARCHER, a.k.a. Ricky Thomas, <br><br> Plaintiff, <br><br> vs. <br><br> NAPA STATE HOSPITAL, et al., <br><br> Defendants. | No. C 07-0329 RMW (PR) <br><br> ORDER OF PARTIAL DISMISSAL AND TRANSFER; DENYING MOTIONS FOR PRELIMINARY INJUNCTION <br><br> (Docket Nos. 18 & 23) |

Plaintiff filed the instant pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He was granted leave to amend, and on January 10, 2008, he filed an amended complaint against officials at three institutions where he was formerly housed: Napa State Hospital ("NSH"), Corcoran State Prison ("Corcoran") and Solano County Jail.[1] After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the court will DISMISS the claims against the NSH defendants for failure to state a cognizable claim for relief. As the only remaining claims relate to events that allegedly took place at Corcoran and the Solano County Jail, within the venue of the Eastern District of California, and are against defendants located there, the case will be TRANSFERRED to the Eastern District

---

[1] On April 11, 2008, Plaintiff notified the court that he has been released from custody and is living in Oregon.

1  pursuant to 28 U.S.C. § 1406(a). The court will also DENY plaintiff's motions for
2  preliminary injunction.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> at 1915A(b)(1),(2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claims</u>

1. <u>Transfer</u>

Plaintiff claims that officials at NSH violated his right to due process by transferring him from NSH to Corcoran. A non-consensual transfer from one institution to another, even to a considerably less favorable institution, does not violate the Due Process or Equal Protection clauses, <u>see</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985); <u>see also</u> <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, <u>see</u> <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976).

The transfer alleged by plaintiff also did not violate a state created liberty interest protected by due process. In order to determine whether the transfer implicated a

protected liberty interest, the questions are (1) whether the statutes narrowly restrict the power of prison officials to deny inmates a transfer, and (2) whether the deprivation suffered due to denial of a transfer request is one of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995). In California, there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of inmates from the state mental hospital to a state prison. See Welfare & Institutions Codes § 7301. A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Moreover, in order to amount to a deprivation of "real substance" under Sandin, the transfer must (1) impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or (2) "inevitably affect the duration of [a] sentence." Sandin, 515 U.S. at 484, 487. Here, plaintiff complains simply that he was transferred to Corcoran. However, the alleged conditions at Corcoran were no different from the "ordinary incidents of prison life," and there is no allegation that the transfer inevitably affects the duration or his sentence. As the statutory language fails to meet the first prong of the Sandin test, and the alleged deprivation is not one of "real substance" under the second prong of the Sandin test, no protected liberty interest requiring constitutional protection is created.

Accordingly, plaintiff's allegations regarding his transfer from NSH to Corcoran do not implicate his right to due process or other provision of federal law, and therefore do not state a cognizable claim for relief under § 1983.

2. Medical Treatment

Plaintiff claims that NSH officials delayed providing him medical treatment for a torn ligament in his finger for eight and a half hours. Even if true, such a delay is relatively minor such that it amounts at most to negligence and does not rise to the level of a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004) (medical malpractice or negligence does not constitute a violation of the Eighth Amendment); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998)

(finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care); cf. McGuckin, 974 at 1062 (delay of seven months in providing medical care during which medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim). Accordingly, Plaintiff's allegations regarding the medical care for his finger injury does not state a cognizable claim for relief under § 1983.

        3.      <u>Injury By Other Inmate</u>

Plaintiff alleges that he was "attacked" by another inmate at NSH, resulting in an injury to his finger.

The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference" is the same as the standard for criminal recklessness, i.e., the officials know of and disregard an excessive risk to inmate health or safety. See id. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842.

1  Allegations in a pro se complaint sufficient to raise an inference that the named prison
2  officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a
3  substantial risk of serious harm and disregarded that risk by failing to take reasonable
4  measures to abate it – states a "failure-to-protect" claim.  Hearns v. Terhune, 413 F.3d
5  1036, 1041-42 (9th Cir. 2005).

6  Here, plaintiff alleges that the inmate attacked him because plaintiff did not give
7  him a cigarette, and that the inmate failed to take his medication prior to attacking him.
8  Plaintiff does not allege that any of the defendants knew or had reason to suspect that the
9  inmate would attack plaintiff, had not taken his medication, or posed a threat of harm to
10  plaintiff.  See Berg, 794 F.2d at 459 (before being required to take action, prison official
11  must have more than a "mere suspicion" that an attack will occur).  Nor does plaintiff
12  allege any facts from which it can reasonably be inferred that defendants had reason to
13  suspect the alleged attack.  To whatever extent plaintiff believes that defendants *should*
14  *have known* of the danger, that is not sufficient to rise to a constitutional violation because
15  neither negligence nor gross negligence are sufficient to state an Eighth Amendment
16  claim under § 1983.  See Farmer, 511 U.S. at 835-36 & n.4.

17  Accordingly, plaintiff's allegations regarding the injury caused by another inmate
18  do not rise to the level of an Eighth Amendment violation and do not state a cognizable
19  claim for relief under § 1983.

20      4.    <u>Conditions of Confinement at Corcoran State Prison and Solano County Jail</u>

21  The remainder of plaintiff's allegations and claims concern conditions of
22  confinement and actions taken by officials at Corcoran and the Solano County Jail.  Both
23  Corcoran and Solano County Jail are located in the Eastern District of California.  See 28
24  U.S.C. § 84.  Therefore, venue for the remaining claims properly lies in the Eastern
25  District, not in the Northern District.  See 28 U.S.C. § 1391(b).  Where a case is in the
26  wrong venue, the district court has the discretion either to dismiss the case or transfer it to
27  the proper federal court "in the interest of justice."  See 28 U.S.C. § 1406(a).  In the
28  interests of justice, this case will be transferred to the United States District Court for the

1 Eastern District of California.

C. <u>Motions for Preliminary Injunction</u>

Plaintiff filed two motions for a preliminary injunction, both of which seek orders directing Solano County Jail officials to take action to alter the conditions of Plaintiff's confinement there. To begin with, plaintiff has neither complied with the notice requirement of Rule 65(a)(1) of the Federal Rules of Civil Procedure, nor certified the reasons for his not providing such notice, as required by Rule 65(b) of the Federal Rules of Civil Procedure. In an event, as plaintiff is no longer at the Solano County Jail, since his release from custody on April 18, 2008, his motions for injunctions against jail officials are moot. Accordingly, plaintiff's motions for preliminary injunction are DENIED.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's claims against defendants at Napa State Hospital, for alleged violations of the Eighth Amendment and due process, are DISMISSED for failure to state a cognizable claim for relief.

2. In the interests of justice, this case is TRANSFERRED to the United States District Court for the Eastern District of California, the proper venue for the remaining claims. <u>See</u> 28 U.S.C. § 1406(a).

3. Plaintiff's motions for preliminary injunction (Docket Nos. 18 & 23) are DENIED.

The Clerk shall transfer this matter forthwith. This order terminates Docket Nos. 18 & 23.

IT IS SO ORDERED.

DATED: 9/29/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge